THE TIDRICK LAW FIRM
STEVEN G. TIDRICK, SBN 224760
2039 Shattuck Avenue, Suite 308
Berkeley, California 94704
Telephone: (510) 788-5100
Facsimile: (510) 291-3226
E-mail: sgt@tidricklaw.com

Attorneys for Individual and Representative
Plaintiffs Richard Fontenberry, Hunter
Blaine, and Keith Ward

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FONTENBERRY, HUNTER BLAINE, and KEITH WARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MV TRANSPORTATION, INC.; and DOES 1-100,<br><br>Defendants. | Civil Case No.: 2:12-cv-01996-JAM-JFM<br><br>**SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS AND/OR RECOVERY OF:**<br>    **(1) FAIR LABOR STANDARDS ACT;**<br>    **(2) CALIFORNIA LABOR CODE;**<br>    **(3) CALIFORNIA INDUSTRIAL WELFARE COMMISSION WAGE ORDERS;**<br>    **(4) CIVIL PENALTIES UNDER THE CALIFORNIA LABOR CODE PRIVATE ATTORNEY GENERAL ACT OF 2004, § 2699(a),(f); and**<br>    **(5) CALIFORNIA'S UNFAIR COMPETITION ACT, BUS. & PROF. CODE §§ 17200 *et seq.***<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Richard Fontenberry, Hunter Blaine, and Keith Ward, on behalf of

themselves and all others similarly situated, and all others who consent to become party

plaintiffs, allege as follows:

## NATURE OF THE CASE

1.  Plaintiffs are currently employed as bus and/or train operators and/or in

equivalent positions operating motorized vehicle(s) (hereinafter "operator" or "operators") by

Defendant MV Transportation, Inc. (hereinafter "Defendant") and seek to represent other

current and former operators in this collective and class action against Defendant alleging that

Defendant has engaged in an unlawful pattern and practice of failing to pay its operators for

1

all compensable work performed by such employees, including minimum wage and overtime pay, in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and has failed to meet requirements of California law and Industrial Welfare Commission ("IWC") Order No. 9-2001 ("Wage Order No. 9"), including the failure to provide meal and rest breaks.  These claims are based on non-waivable statutory rights.  This lawsuit seeks to enforce non-waivable statutory rights and to recover damages resulting from Defendant's failure to pay its operators for time that is necessary and integral to these employees' principal duties, and that is incurred under the control of Defendant and required by Defendant for the benefit and convenience of Defendant.  Plaintiffs seek declaratory and injunctive relief, compensation for all uncompensated work, liquidated and/or other damages as permitted by applicable law, penalties, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

2.      The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions.  29 U.S.C. § 216(b).  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the California state law claims because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because Defendant MV Transportation Inc. is a corporation with its principal place of business in Fairfield, California and some of the actions alleged herein occurred within the Eastern District of California.

## PARTIES

4.      Plaintiffs Richard Fontenberry, Hunter Blaine, and Keith Ward are employed by Defendant as operators.  They sue on their own behalf, and as class representatives on behalf of similarly situated operators who are or were employed by Defendant within the applicable statute of limitations.  True and correct copies of their executed Consents to Become Party Plaintiffs are attached as Exhibit A.  Plaintiffs have filed, and will file, additional Consents to Become Party Plaintiffs executed by similarly situated operators as

2

they are secured.

5.      Defendant MV Transportation, Inc. is a private operator of public transportation properties throughout the United States of America.  Defendant's headquarters and administrative offices were located in Fairfield, California as of March 6, 2012. According to the California Secretary of State's website Defendant is still incorporated as a California company as of March 29, 2013.

6.      The true names and capacities, whether individual, corporate, associate or otherwise, of each of the Defendants designated herein as DOES are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names.  Plaintiff will amend this Complaint to show their true names and capacities when ascertained.  Plaintiff is informed and believes and thereon alleges that each Defendant designated herein as a DOE defendant is legally responsible in some manner for the events and happenings herein alleged and in such manner proximately caused damages to Plaintiff as hereinafter further alleged.

7.      Plaintiff is informed and believes and thereon alleges that each of the Defendants were acting as the agent, employee, partner, or servant of each of the remaining Defendants and was acting within the course and scope of that relationship, and gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

8.      <u>Intradistrict Venue</u>.  A substantial part of the events and/or omissions that give rise to the claims alleged herein occurred in Solano County, and accordingly this action may be commenced in the United States District Court sitting in Sacramento, California.

## **FACTS**

9.      In violation of the terms of federal law, Defendant has at all material times failed and refused to pay its operators for all compensable time for which operators have not received compensation, including without limitation: (1) non-commute travel time between disparate start and end points of operators' scheduled runs, (2) split-shift travel time; (3) pre/post-trip inspection time, (4) time spent attending mandatory meetings; (5) time spent waiting between shifts, (6) the differential between scheduled run times and the actual run times, (7) time spent submitting claims, and (8) any applicable overtime due for such

compensable time (as alleged more fully below).

10.     Start-End Travel Time.  Defendant commonly schedule operators' runs to start and end at different geographical points, requiring them to engage in non-commute travel time between those different points when their respective daily assignment is complete. All such travel is referred to in this Complaint as "start-end travel."

11.     This start-end travel is not ordinary commute travel.  Rather, is it caused by Defendant's route and scheduling decisions and is for the convenience and benefit of Defendant only.

12.     Despite requirements of federal law and California law, Defendant has failed and refused to pay operators for all start-end travel time actually incurred, and has failed and refused to pay operators for start-end travel at one-and-a-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such travel causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

13.     Split-Shift Travel Time.  Defendant commonly schedule operators to work "split runs" consisting of two (2) "parts" separated by some amount of time. Defendant routinely schedule such runs so that the first part ends at a point geographically distant from where the second part starts, thus requiring the operator to travel from the end-point of the first part to the start-point of the second part, in order to continue the driver's run.  All such travel is referred to in this Complaint as "split-shift travel time."

14.     This split-shift travel is caused by Defendant's route, run, and scheduling decisions and is for the convenience and benefit of Defendant only.

15.     Despite the requirements of federal law and/or California law, Defendant has failed and refused to pay operators for all split-shift travel time actually incurred, and has failed and refused to pay operators for split-shift travel at one-and-a-half (1.5) times their regular rate of pay (time-and-a-half) when such travel causes their total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

16.     Inspection Time.  Defendant requires operators to inspect a bus or train at the beginning and completion of run assignments.  All such time that operators spend to inspect

4

buses or trains is referred to in this Complaint as "inspection time."

17.     This inspection time is caused by Defendant's requirement and is for the convenience/benefit of Defendant only.

18.     Despite the requirements of federal law and/or California law, Defendant has failed to pay operators for all inspection time actually incurred, and has failed to pay operators for inspection time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

19.     <u>Meeting Time</u>.  Defendant requires operators to attend mandatory meetings while employed by Defendant.  The time that operators spend at such trainings and/or safety meetings is referred to in this Complaint as "meeting time."

20.     This meeting time is caused by Defendant's requirement and is for the convenience/benefit of Defendant only.

21.     Despite the requirements of federal law and California law, Defendant has failed to pay operators for all meeting time actually incurred and failed to pay operators for meeting time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

22.     <u>Waiting Time</u>.  Defendant commonly schedules "runs" to have split shifts that require operators to drive more than one (1) shift during a given day. In between the shifts the employee is unable to use the time effectively for his/her own purposes as he/she is under the control of Defendant. The time that operators spend waiting is referred to hereinafter as "waiting time."

23.     This waiting time is caused by Defendant's route and scheduling decisions and is for the convenience and benefit of Defendant only.

24.     Despite the requirements of federal law and/or California law, Defendant has failed and refused to pay operators for all waiting time actually incurred, and has failed and refused to pay operators for waiting time at one and one half (1.5) times their regular rate of

pay (time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

25.     Routinely Late Time.  Defendant commonly schedules "runs" that routinely arrive at their end points after the scheduled arrival time.  Defendant has created and maintained time-consuming procedures for operators to claim wages for the differential between the scheduled run time and the actual run time (a differential referred to hereinafter as "routinely late" time), in order to discourage operators from claiming wages for such time and allow Defendant to never pay for such unclaimed work time.

26.     This routinely late time is caused by Defendant's route and scheduling decisions and is for the convenience and benefit of Defendant only.

27.     Despite the requirements of federal law and/or California law, Defendant has failed to pay operators for all routinely late time actually incurred, and has failed to pay operators for routinely late time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

28.     Claim Submission Time. The time that operators spend following Defendant's time consuming procedures to claim wages for the differential between the scheduled run-time and the actual run time (*i.e.*, the "routinely late" time) is referred to hereinafter as "claim submission time."

29.     This claim submission time is caused by Defendant's requirement and is for the convenience/benefit of Defendant only.

30.     Despite the requirements of federal law and/or California law, Defendant has failed to pay operators for all claim submission time actually incurred, and has failed to pay operators for claim submission time at one-and-one-half (1.5) times the regular rate of pay (*i.e.*, time-and-a-half) when such time causes total hours worked to exceed forty (40) hours in a week and/or eight (8) hours in a day.

31.     Time Records.  Defendant does not keep accurate records of the actual amount of operators' above-referenced compensable time, including without limitation start-end travel

6

time, split-shift travel time, inspection time, meeting time, waiting time, routinely late time, and claim submission time, despite the fact that such time is required by Defendant's route and scheduling decisions.  Defendant's breach of its obligation to keep accurate records of such compensable time has resulted in a lack of accurate records to show exactly how much compensable time operators have spent in such time.  Plaintiffs are unable to state with precision the amount of such time for which operators are uncompensated, but can reasonably estimate this time based on a review of documents that are in Defendant's sole and exclusive possession.  Plaintiffs will establish good faith estimates of the amount of their uncompensated compensable time and damages after completing discovery and analyzing Defendant's evidence.

32.     Rest Breaks. Pursuant to the IWC Order No. 9, operators are entitled to ten (10) minutes of paid rest break for each four (4) hour period of work or major fraction thereof, which is referred to as "rest break" in this Complaint.

33.     Defendant's run design and scheduling require operators to work through their ten (10) minute period to stay on schedule. As a result, operators are not allowed to take their ten (10) minute rest break earned after each four (4) hours worked.  Despite the requirements of California law, Defendants have failed to provide operators with rest breaks.

34.     Meal Breaks. Pursuant to the IWC Order No. 9, operators are entitled to a thirty (30) meal break for each five (5) hour period of work or major fraction thereof, which is called "meal break" in this Complaint.

35.     Defendant's run design and scheduling require bus operators to work through their thirty (30) minute meal break to stay on schedule. As a result, bus operators are not allowed to take their thirty (30) minute meal break after each five (5) hours worked.  Despite the requirements of California law, Defendants have failed to provide operators meal breaks.

36.     Defendant's willful refusal to pay and to provide meal and rest breaks. Defendant has continuously failed to correct the violations described herein.  Plaintiffs have been deprived of meal and rest breaks and their legally mandated compensation for compensable time, as alleged herein, due to Defendant's willful refusal to provide operators

with meal and rest breaks and to pay operators for all compensable time.

37.    Defendant's underpayment of straight time wages and overtime wages to both in-state operators and out-of-state operators is and has been occurring in California. The above-referenced policies and practices that are the basis of this complaint were formed in, implemented in, and derived from California.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

38.    Plaintiffs bring the First Cause of Action (for violations of the FLSA) as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of themselves and a proposed collection of similarly situated individuals defined as follows, and hereinafter referred to as the "FLSA Collection":

> All individuals who are currently employed, or formerly have been employed, by Defendant(s) or any of its operating subsidiaries as a bus and/or train operator or in an equivalent position operating motorized vehicle(s) in the United States at any time from July 30, 2009 to the present, plus periods of equitable tolling.

39.    Plaintiffs, individually, individually, individually and on behalf of other similarly situated operators defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to pay for all hours worked plus applicable overtime and failing to accurately record all hours worked.  Named Plaintiffs and the FLSA Collection are similarly situated, have performed substantially similar duties for Defendant, and are uniformly subject to and are currently being subjected to Defendant's uniform, class-wide payroll practices, including the policy of and practice of not compensating operators for compensable time as described herein. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

40.    The names and addresses of the individuals who comprise the FLSA Collection are available from Defendant.  Accordingly, Plaintiffs herein pray for an Order requiring

8

Defendant to provide the names and all available locating information for all members of the

FLSA Collection, so notice can be provided regarding the pendency of this action, and of such

individuals' right to opt-in to this action as party-plaintiffs.

41.     Plaintiffs bring the Second through Fifth Causes of Action and Eighth Cause of

Action (the California state law claims) as an "opt-out" class action pursuant to Federal Rule

of Civil Procedure 23, defined initially as follows, and hereinafter referred to as the

"California Class":

> All individuals who are currently employed, or formerly have been employed,
> by Defendant(s) or any of its operating subsidiaries as a bus and/or train
> operator or in an equivalent position operating motorized vehicle(s) in
> California at any time from July 30, 2009 to the present, plus periods of
> equitable tolling.

Excluded from the California Class are anyone employed by counsel for Plaintiffs in this

action, and any Judge to whom this action is assigned and his or her immediate family

members.

42.     Plaintiffs bring the Sixth Cause of Action (the California rest break claims) as

an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23, defined initially as

follows, and hereinafter referred to as the "California Rest Break Class":

> All individuals who are currently employed, or formerly have been employed,
> by Defendant(s) or any of its operating subsidiaries as a bus and/or train
> operator or in an equivalent position operating motorized vehicle(s) in
> California within the last three (3) years, plus periods of equitable tolling.

Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any

Judge to whom this action is assigned and his or her immediate family members.

43.     Plaintiffs bring the Seventh Cause of Action (the California meal break claims)

as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23, defined initially

as follows, and hereinafter referred to as the "California Meal Break Class":

> All individuals who are currently employed, or formerly have been employed,

9

by Defendant(s) or any of its operating subsidiaries as a bus and/or train

operator or in an equivalent position operating motorized vehicle(s) in

California within the last three (3) years, plus periods of equitable tolling.

Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any

Judge to whom this action is assigned and his or her immediate family members

44.     Plaintiffs bring the Ninth Cause of Action (the claims under § 17200 *et seq*.) as

an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23, defined initially as

follows, and hereinafter referred to as the "Cal. Bus. & Prof. Code § 17200 Class":

All individuals who are currently employed, or formerly have been employed,

by Defendant(s) or any of its operating subsidiaries as a bus and/or train

operator or in an equivalent position operating motorized vehicle(s) at any time

from July 30, 2008 to the present, plus periods of equitable tolling.

Excluded from the class are anyone employed by counsel for Plaintiffs in this action, and any

Judge to whom this action is assigned and his or her immediate family members.

45.     <u>Numerosity</u>.  Defendant has employed thousands of individuals as operators

during the relevant time periods.

46.     <u>Existence and Predominance of Common Questions</u>.  Common questions of

law and/or fact exist as to the members of the proposed classes and, in addition, common

questions of law and/or fact predominate over questions affecting only individual members of

the proposed classes.  The common questions include the following:

a.   Whether Defendant's policy and practice of not compensating its operators

for all compensable time, including without limitation start-end travel time,

split-shift travel time, inspection time, meeting time, waiting time,

routinely late time, and claim submission time violates California labor

laws and/or Wage Order No. 9;

b.   Whether Defendant's policy and practice of not compensating its operators

for the time that operators spend following Defendant's time consuming

procedures to claim wages for the differential between the scheduled run-

time and the actual run time violates California labor laws;

c. Whether Defendant's payroll policies and practices have violated California Labor Code §§ 201, 202, 203, 204 and 226;

d. Whether Defendant's practices have violated California Business & Professions Code §§ 17200 *et seq.* (the "UCL");

e. Whether the Class members are entitled to unpaid wages, waiting time penalties, and other relief;

f. Whether Defendant owes civil penalties under the Private Attorney General Act of 2004, codified at Labor Code § 2698 *et seq.* (hereinafter "PAGA"), and specifically under Labor Code § 2699(a),(f), for violations of IWC Order No. 9 and/or the California Labor Code;

g. Whether Defendant's affirmative defenses, if any, raise common issues of fact or law as to Plaintiff and the Class members; and

h. Whether Plaintiffs and the proposed classes are entitled to damages and equitable relief, including, but not limited to, restitution and a preliminary and/or permanent injunction, and if so, the proper measure and formulation of such relief.

47. Typicality. Plaintiffs' claims are typical of the claims of the proposed classes. Defendant's common course of conduct in violation of law as alleged herein has caused Plaintiffs and the proposed classes to sustain the same or similar injuries and damages. Plaintiffs' claims are therefore representative of and co-extensive with the claims of the proposed classes.

48. Adequacy. Plaintiffs are adequate representatives of the proposed classes because their interests do not conflict with the interests of the members of the classes they seek to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs and their counsel will fairly and adequately protect the interests of members of the proposed classes.

11

49.     <u>Superiority</u>. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each member of the proposed classes, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

50.     In the alternative, the proposed classes may be certified because:

a.   the prosecution of separate actions by the individual members of the proposed classes would create a risk of inconsistent or varying adjudication with respect to individual members of the proposed classes that would establish incompatible standards of conduct for Defendant; and Defendant has acted and/or refused to act on grounds generally applicable to the proposed classes, thereby making appropriate final and injunctive relief with respect to members of the proposed classes as a whole.

**PRIVATE ATTORNEY GENERAL ALLEGATIONS**

51.     In addition to asserting class action claims in this action, Plaintiffs assert claims as a private attorney general action on behalf of members of the general public pursuant to California Business & Professions Code §§ 17203, 17204 *et seq*. The purpose of such claims is to require Defendant to disgorge and restore all monies wrongfully obtained by Defendant through its unlawful business acts and practices. A private attorney general action is necessary and appropriate because Defendant has engaged in the wrongful acts described herein as a general business practice. Under Business & Professions Code §§ 17203 *et seq*., Plaintiffs pursue said representative claims and seek relief on behalf of themselves and the proposed classes pursuant to Federal Rule of Civil Procedure 23.  Additionally, Plaintiffs assert private attorney general claims under the Labor Code through their PAGA cause of action.

# FIRST CAUSE OF ACTION

## Violations of the Fair Labor Standards Act

### (By the FLSA Collection)

52.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

53.     At all material times herein, Plaintiffs and all similarly situated operators who submit Consents to Become Party Plaintiffs are or were employed by and engaged in providing services necessary to the transport of passengers by Defendant, and have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

54.     The FLSA requires, among other things, that employers pay employees the minimum wage for all time worked plus overtime.  29 U.S.C. §§ 206, 207, 215.

55.     At all material times, the start-end travel time, split-shift travel time, inspection time, meeting time, waiting time, routinely late time, and claim submission time described above is necessarily and directly related to the principal activities of the operators' duties, and thus constitutes compensable time under the FLSA and is subject to the FLSA's overtime requirements.  29 C.F.R. § 785.38.

56.     At all material times herein, Defendant has violated the FLSA by failing to pay operators for all compensable time, including without limitation start-end travel time, split-shift travel time, inspection time, meeting time, waiting time, routinely late time, and claim submission time, plus applicable overtime.

57.     At all material times herein, Defendant has violated the FLSA by failing to pay operators at one-and-one-half (1.5) times the regular rate of pay when start-end travel time, split-shift travel time, inspection time, meeting time, waiting time, routinely late time, and claim submission time causes an operator's total hours worked to exceed forty (40) hours in a week.

58.     Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by its operators.  29 U.S.C. § 211(c).

13

59.     Plaintiffs and all similarly situated employees are victims of a uniform and entity-wide compensation policy.  This uniform policy, in violation of the FLSA, has been applied to all operators employed by Defendant.

60.     Plaintiffs and all similarly situated individuals are entitled to damages equal to the mandated pay and overtime premium pay within the three (3) years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

61.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA.  Plaintiffs and other similarly situated individuals are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including overtime pay, and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

62.     As a result of violations of the FLSA's minimum wage and overtime pay provisions, Defendant has unlawfully withheld compensation from Plaintiffs and all similarly situated individuals.  Defendant are liable for unpaid compensation, together with an amount equal as liquidated damages, attorneys' fees and costs of this action.  29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

**Failure to Pay All Straight Time and/or Overtime Worked in Violation of Calif. Labor Code §§ 510, 1194, 1197, 1198, and 1199; and IWC Wage Order 9-2001**

**(By the California Class)**

63.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

64.     Plaintiffs and the proposed California Class have been required by Defendant to work off-the-clock without compensation, including without limitation in the form of start-end travel time, split-shift travel time, inspection time, meeting time, waiting time, routinely late time, and claim submission time, which is compensable work time, and Defendant is required by law to pay operators for this time.  By failing to compensate operators for all hours worked, Defendant has violated Wage Order No. 9 and California Labor Code §§ 510,

14

1194, 1197, 1198 and 1199.

65.     Plaintiffs and the proposed California Class have been required and permitted to work shifts lasting over eight (8) hours in duration for which they were not paid overtime wages. Pursuant to Wage Order No. 9 and California Labor Code §§ 510, 1194, 1197, 1198 and 1199 it is unlawful for an employer to fail to pay at one and one-half (1.5) time the regular rate for all hours worked over eight (8) in a day/or over forty (40) in a week.

66.     Pursuant to Wage Order No. 9 and California Labor Code §§ 1194 and 1198, Plaintiffs and the proposed California Class are entitled to recover in a civil action the unpaid balance of the full amount of straight time owed to them, including interest thereon, liquidated damages in an amount equal to the unpaid minimum wages, plus reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

**Failure to Provide Itemized Wage Statements in Violation of California Labor Code § 226 and IWC Wage Order 9-2001**

**(By the California Class)**

67.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

68.     Defendant has failed and continues to fail to provide timely, accurate itemized wage statements to Plaintiffs and members of the proposed California Class in accordance with California Labor Code § 226 and Wage Order No. 9.  The wage statements that Defendant has provided to its operators, including Plaintiffs and the proposed California Class members, do not accurately reflect the actual hours worked and wages earned, because they do not include the appropriate amount of compensable time, including without limitation start-end travel time, split-shift travel time, inspection time, waiting time, meeting time, routinely late time, and claim submission time.

69.     Defendant's failure to provide timely, accurate, itemized wage statements to Plaintiffs and members of the proposed California Class in accordance with the California Labor Code and the applicable Wage Orders has been knowing and intentional.  Accordingly,

15

1   Defendant are liable for damages and penalties under Labor Code § 226.

2   ### FOURTH CAUSE OF ACTION

3   **Waiting Time Penalties Under California Labor Code §§ 201, 202, and 203**

4   **(By the California Class)**

5   70.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth

6   herein.

7   71.     California Labor Code § 201(a) requires an employer who discharges an

8   employee to pay compensation due and owing to said employee upon discharge. California

9   Labor Code § 202(a) requires an employer to pay compensation due and owing within

10  seventy-two (72) hours of an employee's termination of employment by resignation.

11  California Labor Code § 203 provides that if an employer willfully fails to pay compensation

12  promptly upon discharge or resignation, as required under §§ 201 and 202, then the employer

13  is liable for waiting time penalties in the form of continued compensation for up to thirty (30)

14  work days.

15  72.     Certain members of the proposed California Class are no longer employed by

16  Defendant but have not been paid full compensation for all hours worked, as alleged above, or

17  for meal and rest breaks not provided, as alleged herein.  They are entitled to unpaid

18  compensation for all hours worked in the form of start-end travel time, split-shift travel time,

19  inspection time, waiting time, routinely late time, and claim submission time, and overtime,

20  for which to date they have not received compensation, and for unpaid compensation and/or

21  penalties for meal and rest breaks not provided, and any applicable overtime.

22  73.     Defendant has failed and refused, and continue to willfully fail and refuse, to

23  timely pay compensation and wages and compensation and/or penalties for meal and rest

24  breaks not provided, to the plaintiffs and members of the proposed California Class whose

25  employment with Defendant have terminated, as required by California Labor Code §§ 201

26  and 202.  As a direct and proximate result, Defendant is liable to such plaintiffs and proposed

27  California class members for up to thirty (30) days of waiting time penalties pursuant to

28  California Labor Code § 203, together with interest thereon.

16

74.     WHEREFORE, pursuant to Labor Code §§ 218, 218.5, and 218.6, Plaintiffs and Class members are entitled to recover the full amount of their unpaid wages, continuation wages under § 203, interest thereon, reasonable attorneys' fees, and costs of suit.

### FIFTH CAUSE OF ACTION

**Failure To Pay all Wages Owed Every Pay Period Under California Labor Code § 204**

**(By the California Class)**

75.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth herein.

76.     At all times relevant during the liability period, Plaintiffs and the other members of each Class were employees of Defendant covered by Labor Code § 204.

77.     Pursuant to Labor Code § 204, Plaintiffs and members of each Class were entitled to receive on regular paydays all wages earned for the pay period corresponding to the payday.

78.     Defendant failed to pay Plaintiffs and other similarly situated employees all wages earned each pay period. Plaintiffs are informed, believe, and thereon allege, that at all times relevant during the liability period, Defendant maintained a policy or practice of not paying Plaintiffs and other similarly situated employees, overtime wages for all overtime hours worked.

79.     Defendant also failed to pay Plaintiffs and all similarly situated employees all wage, compensation, and/or penalties owed because Defendant maintained a policy or practice of not providing Plaintiffs and other similarly situated employees meal and rest breaks as required under California law.

80.     As a result of Defendant's unlawful conduct, Plaintiffs and members of each Class have suffered damages in an amount, subject to proof, to the extent they were not paid all wages and/or compensation and/or penalties each pay period. The precise amount of unpaid wages, compensation, and/or penalties is not presently known to Plaintiffs but can be determined directly from Defendant's records or indirectly based on information from Defendant's records.

17

81.     WHEREFORE, pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiffs and members of the Class are entitled to recover the full amount of their unpaid wages, interest thereon, reasonable attorneys' fees and costs of suit.

82.     Pursuant to Labor Code §§ 218, 218.5 and 218.6, Plaintiff and members of the Class are entitled to recover the full amount for rest breaks that were not provided, interest thereon, reasonable attorneys' fees and costs of suit.

### SIXTH CAUSE OF ACTION

**Failure to Allow Rest Breaks Pursuant to Labor Code § 226.7 and Wage Order No. 9**

**(By the California Rest Break Class)**

83.     Plaintiffs incorporate by reference the above listed paragraphs above as if fully set forth herein.

84.     Wage Order No. 9 provides that employees are entitled to a paid ten (10) minute rest period for every four (4) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each rest period the employer fails to permit or authorize to non-exempt employees. Plaintiffs and members of the class consistently worked over four (4) hours per shift without receiving a paid ten (10) minute rest period and/or being permitted to take such rest break.

85.     Pursuant to IWC Order No. 9 and/or California Labor Code §§ 1194 and 1198, Plaintiffs and class members are entitled to recover in a civil action payment for "one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided" pursuant to Labor Code 226.7, including interest thereon, plus reasonable attorneys' fees and costs as well as any penalties that may be applied pursuant to the IWC Order No. 9 and/or the California Labor Code.

86.     As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9, Plaintiffs and other class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief, premium pay and restitution. Plaintiffs, on behalf of themselves and on behalf of the class, seek damages and all other relief allowable, including premium pay for each missed rest break, plus reasonable

attorneys' fees and costs, penalties to those class members whose employment with Defendant terminated during the class period, as well as any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

## SEVENTH CAUSE OF ACTION

**Failure to Allow Meal Breaks Pursuant to Labor Code § 226.7 and Wage Order No. 9**

**(By the California Meal Break Class)**

87.      Plaintiffs incorporate by reference the above listed paragraphs above as if fully set forth herein.

88.      Wage Order No. 9 provides that employees are entitled to a thirty (30) minute rest period  for every five (5) hours worked or major faction thereof and requires an employer to pay an additional hour of compensation for each rest period the employer fails to permit or authorize to non-exempt employees. Plaintiff and members of the Class consistently worked over five (5) hours per shift without receiving a thirty (30) minute meal period and/or being permitted to take such meal break.

89.      As a direct and proximate result of Defendant's violation of Labor Code § 226.7 and Wage Order No. 9, Plaintiffs and other Class members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiffs, on behalf of themselves and on behalf of the proposed class, seeks damages and all other relief allowable, including premium pay for each missed meal break, plus reasonable attorneys' fees and costs, waiting time penalties to those employees no longer employed by Defendant, as well as any penalties that may be applied pursuant to Wage Order No. 9 and/or the California Labor Code.

## EIGHTH CAUSE OF ACTION

**PAGA CLAIMS, California Labor Code § 2699(a), (f)**

**(By the California Class)**

90.      Plaintiffs incorporate all preceding paragraphs as if full set forth herein.

91.      Under PAGA, "[n]otwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and

19

Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." California Labor Code § 2699(a).

92.     PAGA also provides: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: (1) If, at the time of the alleged violation, the person does not employ one or more employees, the civil penalty is five hundred dollars ($500). (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation." California Labor Code § 2699(f)(1)-(2).

93.     Plaintiff Richard Fontenberry brings this action under PAGA individually and as a representative suit on behalf of all current and former employees pursuant to the procedures in Labor Code § 2699.3 or in the alternative as a class action as alleged above

94.     Plaintiff Richard Fontenberry satisfied the pre-filing notice and exhaustion of administrative remedies requirement under Labor Code section 2699.3(a).

95.     As alleged above, Defendant has violated several provisions of the California Labor Code, including but not limited to Labor Code §§ 201, 202, 203, 510,  218.5, 218.6, 226.3, 226(a), 510, 558, 1194, 1197, 1198, 1199, and Wage Order No. 9, for which Plaintiffs seek recovery of civil penalties under Labor Code §§ 2698 and 2699(f).

96.     WHEREFORE, Plaintiffs seek penalties and interest as allowed by law, costs of suit, and any further relief that the Court deems appropriate.

### NINTH CAUSE OF ACTION

**Violation of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.***

**(By the Cal. Bus & Prof. Code § 17200 Class)**

97.     Plaintiffs incorporate by reference all paragraphs above as if fully set forth

herein.

98.     Plaintiffs bring this claim on behalf of themselves and all others similarly situated in their representative capacity as a private attorney general against Defendant and Does 1 through 20, for their unlawful and/or unfair business acts and/or practices pursuant to the UCL which prohibits all unlawful or unfair business acts/or practices.

99.     Plaintiffs assert these claims as they are representative of an aggrieved group and as a private attorney general on behalf of the general public and other persons who have been exposed to Defendant's unlawful or unfair acts and/or practices and are owed wages that the Defendant should be required to pay or reimburse under the restitutionary remedy provided by the UCL.

100.    Defendant's failure to properly pay for all hours worked, failure to pay overtime, failure to pay all wages when they were due and upon termination, failure to provide accurate and itemized wage statements, failure to provide meal and rest breaks, and associated violations of law as alleged above, constitute unlawful and/or unfair business acts and/or practices within the meaning of the UCL.

101.    As a result of the above-referenced unlawful and/or unfair acts, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and class members.  Defendant should be enjoined from this activity and provide restitution by restoring to Plaintiffs and the other Class members the wrongfully withheld wages, compensation, and/or liquidated damages or penalties owed.

102.    The acts and practices alleged in the preceding paragraphs occurred in connection with Defendant's conduct of trade and commerce in California.

103.    Defendant's misconduct as alleged herein gave Defendant an unfair competitive advantage over its competitors.

104.    As a direct and proximate result of the aforementioned acts, Defendant, Does 1-20, and each of them, received and continues to hold monies which Plaintiffs and the other Class members have a possessory interest in.

105.    Defendant's conduct constitutes unlawful and unfair acts or practices

conducted in the course of Defendant's respective businesses, and thereby constitutes

violations of the UCL.  Such conduct offends the established public policy of the State of

California and is immoral, unethical, oppressive, unscrupulous and substantially injurious.

106.    Pursuant to § 17203 of the UCL, Plaintiffs seek an order of this Court

enjoining Defendant from continuing to engage in the unlawful and/or unfair business

practices, and any other act prohibited by the UCL.

107.    WHEREFORE, Plaintiffs and other class members are entitled to equitable

relief, including restitution, premium pay, attorneys' fees and costs, prejudgment interest,

declaratory relief, and a permanent injunction enjoining Defendant from its unlawful and/or

unfair activity.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as follows:

a) For an order certifying that the First Cause of Action of this Complaint may be
maintained as a collective action pursuant to 29 U.S.C. § 216(b) and requiring that
Defendant identify all members of the FLSA Collection and to provide all locating
information for members of the FLSA Collection, and to provide notice to all
members of the FLSA Collection apprising them of the pendency of this action and
their opportunity to file Consents to Become Party Plaintiffs thereto;

b) For an order certifying that the Second through Eighth Causes of Action of this
Complaint may be maintained as a class action pursuant to Federal Rule of Civil
Procedure 23 on behalf of the classes as defined herein and that notice of the
pendency of this action be provided to members of the proposed classes, or, with
regard to the Eighth Cause of Action, as a representative suit on pursuant to the
procedures in Labor Code § 2699.3;

c) For an order certifying that the Ninth Cause of Action of this Complaint may be
maintained as a class action pursuant to Federal Rule of Civil Procedure 23 on
behalf of a class as defined herein and that notice of the pendency of this action be
provided to members of the proposed class;

d)  For an order designating Plaintiffs as class representatives for both the FLSA and California state law claims and Plaintiffs' attorneys as counsel for the FLSA Collection and the proposed classes;

e)  For an order awarding Plaintiffs, the FLSA Collection, and the proposed classes compensatory damages and statutory damages (including liquidated damages on the FLSA claim), including unpaid wages, overtime compensation, and all other sums of money owed, including without limitation for meal and rest breaks not provided, together with interest on these amounts;

f)  For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, and agents, from committing the violations of law herein alleged in the future;

g)  For a declaratory judgment that Defendant has violated the FLSA and California Labor Law and public policy as alleged herein;

h)  For an order imposing all statutory and/or civil penalties provided by law, including without limitation penalties under California Labor Code §§ 203 and 226(e), together with interest on these amounts;

i)  For exemplary and punitive damages, as appropriate and available under each cause of action, pursuant to California Civil Code § 3294;

j)  For all unpaid overtime wages due to Plaintiffs and each class member;

k)  For civil penalties under the Labor Code Private Attorney General Act;

l)  For an order enjoining Defendant from further unfair and unlawful business practices in violation of the UCL;

m) Disgorgement of profits;

n)  For an order awarding restitution of the unpaid regular, overtime, and premium wages due Plaintiffs and Class members;

o)  For an order awarding restitution of the premium wages due Plaintiff and Class members pursuant to Labor Code Section 226.7, *i.e.*, one additional hour of pay at the employee's regular rate of compensation for each work day that the rest period

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

1  is not provided, including interest thereon, plus reasonable attorneys' fees and

2  costs as well as any penalties that may be applied pursuant to the IWC Order No. 9

3  and/or the California Labor Code;

4  p)  For an order awarding restitution of the premium wages due Plaintiff and Class

5  members pursuant to Labor Code Section 226.7, *i.e.*, one additional hour of pay at

6  the employee's regular rate of compensation for each work day that the meal

7  period is not provided, including interest thereon, plus reasonable attorneys' fees

8  and costs as well as any penalties that may be applied pursuant to the IWC Order

9  No. 9 and/or the California Labor Code;

10  q)  For pre- and post-judgment interest;

11  r)  For an award of reasonable attorneys' fees as provided by the FLSA, California

12  Labor Code §§ 226(e) and 1194; California Code of Civil Procedure § 1021.5;

13  and/or other applicable law;

14  s)  For all costs of suit; and

15  t)  For such other and further relief as the Court deems just and proper.

16  DATED:  April 1, 2013                    Respectfully submitted,

17                                           THE TIDRICK LAW FIRM

18
19                                           By:  /s/ Steven G. Tidrick
                                             STEVEN G. TIDRICK, SBN 224760

20
21                                           THE TIDRICK LAW FIRM
                                             2039 Shattuck Avenue, Suite 308
22                                           Berkeley, California  94704
                                             Telephone:  (510) 788-5100
                                             Facsimile:   (510) 291-3226
23                                           E-mail:     sgt@tidricklaw.com

24                                           Attorneys for Individual and Representative
                                             Plaintiffs Richard Fontenberry, Hunter
25                                           Blaine, and Keith Ward

26
27  //

28  //

24

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

**JURY DEMAND**

Plaintiffs in the above-referenced action, on their own behalf and on behalf of all persons they seek to represent, hereby demand a trial by jury on all counts.

DATED:  April 1, 2013                              Respectfully submitted,

THE TIDRICK LAW FIRM


By:   /s/ Steven G. Tidrick
      _____
      STEVEN G. TIDRICK, SBN 224760

THE TIDRICK LAW FIRM
2039 Shattuck Avenue, Suite 308
Berkeley, California  94704
Telephone:  (510) 788-5100
Facsimile:   (510) 291-3226
E-mail:      sgt@tidricklaw.com

Attorneys for Individual and Representative
Plaintiffs Richard Fontenberry, Hunter
Blaine, and Keith Ward

SECOND AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Exhibit A

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent to be a party Plaintiff in a lawsuit under the Fair Labor Standards Act.  I hereby authorize my attorneys to represent me before any court or agency on such claims.

Date: 7/23/12      By: _Richard Fontenberry Sr._
                          Signature

                   Print name: _Richard FONTENBERRY JR_

[ADDRESS REDACTED]

## CONSENT TO BECOME PARTY PLAINTIFF

I hereby consent to be a party Plaintiff in a lawsuit under the Fair Labor Standards Act.  I hereby authorize my attorneys to represent me before any court or agency on such claims.

Date: 7-23-12         By: _____
                              Signature

                      Print name: Hunter J. Blaine

[ADDRESS REDACTED]

## <u>CONSENT TO BECOME PARTY PLAINTIFF</u>

I hereby consent to be a party Plaintiff in a lawsuit under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on such claims.


Date: 7-23-2012        By: _Keith O Ward_
                               Signature

                    Print name: _Keith O. Ward Jr_

[ADDRESS REDACTED]