UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FONTENBERRY, HUNTER BLAINE, and KEITH WARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MV TRANSPORTATION, INC.; and DOES 1-20,<br><br>Defendants. | Case No. 12-CV-01996-JAM-JFM<br><br>**PROTECTIVE ORDER** |

IT IS HEREBY ORDERED:

1.  Good cause exists for this Joint Stipulation and the issuance by the Court of a Protective Order ("Order") in that the Parties seek to engage in discovery in the above-captioned lawsuit while providing the Parties with a means for limiting access to, and disclosure of, confidential, private and trade secret information. Because this lawsuit involves Defendant's compensation information/data, proprietary route information/data and sensitive employee data, Defendant must ensure that some information is kept confidential, and in some cases, viewed only by Plaintiffs' counsel. Therefore, the Parties agree that the following terms should govern the exchange of information/documents provided in this matter.

/ / / /

2. Each of the Parties may designate all or portions of any document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL" under the terms of the Order. Material designated as "CONFIDENTIAL" under the Order ("CONFIDENTIAL INFORMATION") may be used in accordance with Paragraph 5 herein only for the purpose of prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose. CONFIDENTIAL INFORMATION includes: (a) confidential or sensitive proprietary, business, commercial, private or personal information and (b) information about current, past or prospective employees that is of a confidential or private nature.

3. Each of the Parties may designate all or portions of any document, thing, material, testimony, or other information derived therefrom as "ATTORNEYS' EYES ONLY" under the terms of the Order. Material designated as "ATTORNEYS EYES ONLY" under the Order ("ATTORNEYS EYES ONLY MATERIAL") may be used in accordance with paragraph 8 herein only for the purpose of prosecution, defense, discovery, mediation and/or settlement of this action and not for any other purpose.

4. CONFIDENTIAL INFORMATION shall be so designated by marking or stamping copies of the document produced or testimony with the legend "CONFIDENTIAL." Marking or stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall thereby designate all pages of the document as confidential, and marking or stamping on a label on any electronic storage medium shall designate the contents of such electronic storage medium as CONFIDENTIAL INFORMATION. Whether or not any evidence or testimony is, in fact, designated as "CONFIDENTIAL" shall not be conclusive of whether it is lawfully entitled to protection as such, and the failure to make such a designation shall not constitute a waiver to do so. Furthermore, the production of or testimony regarding any CONFIDENTIAL INFORMATION shall not be considered as a waiver of the right by a Party to object to the admissibility of any such information, and the admissibility of any such CONFIDENTIAL INFORMATION shall be determined by the Court independently of the terms of the Order and without regard to whether such information was produced or provided under the terms of the Order.

////

1       5.    CONFIDENTIAL INFORMATION produced pursuant to the Order shall be disclosed, revealed or disseminated only to (a) the Court (as provided herein) (b) deposition notaries and staff; (c) stenographic, paralegal, clerical and other employees of the Parties' counsel; (d) independent experts/consultants who are employed by the Parties' counsel to perform investigative work, factual research, or other services relating to this action; (e) mediators, solely for use during the conduct of any mediation of this action; and (f) any other person which the Parties agree to in writing.  Notwithstanding the foregoing, Qualified Persons, as defined below, may review all Confidential Information but are not entitled to receive copies thereof.  "QUALIFIED PERSON(S)" are designated below:

    a.    current or former employees of Defendant who may serve as witnesses, but only insofar as such CONFIDENTIAL INFORMATION is relevant to their testimony;

    b.    the Named Plaintiffs;

    c.    any other person as to whom the Parties agree in writing.

6.    Prior to reviewing any CONFIDENTIAL INFORMATION, each QUALIFIED PERSON designated in Paragraph 5(a)-(c), as well as experts/consultants employed by the Parties' counsel and mediators, shall execute the Non-Disclosure Agreement in the form set forth in Attachment A.  The Parties shall retain copies of any executed Non-Disclosure Agreements and deliver a copy thereof to counsel for all the Parties following the adjudication or settlement of this action.

7.    ATTORNEYS' EYES ONLY MATERIAL shall be so designated by marking or stamping copies of the document produced or testimony with the legend "ATTORNEYS' EYES ONLY."  Marking or stamping the legend "ATTORNEYS' EYES ONLY" on the cover of any multi-page document shall thereby designate all pages of the document as ATTORNEYS' EYES ONLY MATERIAL, and marking or stamping on a label on any electronic storage medium shall designate the contents of such electronic storage medium as ATTORNEYS' EYES ONLY MATERIAL.  Whether or not any evidence or testimony is, in fact, designated as "ATTORNEYS' EYES ONLY MATERIAL" shall not be conclusive of whether it is lawfully entitled to protection as

1  such, and the failure to make such a designation shall not constitute a waiver to do so. Furthermore,
2  the production of or testimony regarding any ATTORNEYS' EYES ONLY MATERIAL shall not
3  be considered as a waiver of the right by a Party to object to the admissibility of such information,
4  and the admissibility of any such ATTORNEYS' EYES ONLY MATERIAL shall be determined by
5  the Court independently of the terms of the Order and without regard to whether such information
6  was produced or provided under the terms of the Order.

7    8.   ATTORNEYS' EYES ONLY MATERIAL produced pursuant to the Order
8  shall be viewed only by the Court, mediators, jurors, and counsel of record for the Parties, their
9  associate attorneys, paralegals, secretaries and clerical staff, and court reporters or deposition
10 reporters, and to the persons designated below:

11    a.   experts and consultants retained by counsel in the prosecution,
12 defense, or settlement of this action;

13    b.   for the examination at a deposition of an employee or agent of the
14 Party who designated such information as ATTORNEYS' EYES ONLY MATERIAL;

15    c.   any other person as to whom the Parties agree in writing (collectively,
16 "ATTORNEYS' EYES ONLY QUALIFIED PERSONS").

17    9.   Prior to reviewing any ATTORNEYS' EYES ONLY MATERIAL each of the
18 ATTORNEYS' EYES ONLY QUALIFIED PERSONS identified in paragraph 8(a) through (c) shall
19 execute the Attorneys' Eyes Only Material Non-Disclosure Agreement in the form of Attachment B.
20 Counsel for the Parties must retain copies of any executed Attorneys' Eyes Only Material
21 Non-Disclosure Agreements and must surrender said copies following the adjudication or settlement
22 of this action as set forth in paragraph 15 herein. Copies of ATTORNEYS' EYES ONLY
23 MATERIAL may be reproduced, distributed or transmitted only to ATTORNEYS' EYES ONLY
24 QUALIFIED PERSONS.

25    10.  Testimony taken at a deposition may be designated as CONFIDENTIAL
26 INFORMATION or ATTORNEYS' EYES ONLY MATERIAL by making a statement to that effect
27 on the record at the deposition. Arrangements shall be made with the deposition reporter taking and
28 transcribing information designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY

1 MATERIAL to bind separately such portions of the deposition transcript, and to label such portions
2 appropriately. CONFIDENTIAL deposition testimony shall be conducted only before those persons
3 identified in Paragraph 5(a)-(c) herein. ATTORNEYS' EYES ONLY deposition testimony shall be
4 conducted only before those persons identified in Paragraph 8(a)-(c) herein. No person other than a
5 Qualified Person may attend, read the transcript of or the exhibits marked as CONFIDENTIAL in
6 any deposition taken in this case. No person other than an Attorneys Eyes Only Qualified Person
7 may attend, read the transcript of or exhibits marked as ATTORNEYS' EYES ONLY in any
8 deposition taken in this case. Prior to attending any deposition where CONFIDENTIAL deposition
9 testimony shall be taken, or reviewing CONFIDENTIAL transcript or exhibits, each Qualified
10 Person listed in Paragraph 5 (a)-(c), as well as experts/consultants employed by the Parties' counsel
11 and mediators, shall execute a Non-Disclosure Agreement in the form set forth in Attachment A.
12 Prior to attending any deposition where ATTORNEYS' EYES ONLY testimony shall be taken, or
13 reviewing any ATTORNEYS' EYES ONLY transcript or exhibits, each Attorneys' Eyes Only
14 Qualified Person listed in Paragraph 8(a)-(c), as well as experts/consultants employed by the Parties'
15 counsel and mediators, shall execute the Non-Disclosure Agreement in the form set forth in
16 Attachment B. Nothing in the Order gives any individual the right to attend a deposition that they
17 would not otherwise be entitled to attend. Should the need arise to offer testimony at a hearing or
18 trial to present evidence of CONFIDENTIAL or ATTORNEYS' EYES ONLY MATERIAL, the
19 Parties will execute a stipulated protective order for that purpose.

20       11. Notwithstanding the foregoing, the Parties do not waive any right to challenge
21 whether any material designated or not designated as CONFIDENTIAL INFORMATION or
22 ATTORNEYS' EYES ONLY MATERIAL is properly designated or not designated as such, and do
23 not waive the right to challenge at any hearing, trial or other proceeding whether such information is,
24 in fact, confidential or private, or is admissible for any purpose other than as specified by the Order.

25       12. With regard to any CONFIDENTIAL INFORMATION or ATTORNEYS'
26 EYES ONLY MATERIAL to be filed with the Court, before a party files with the Court any
27 materials designated by the other party as CONFIDENTIAL INFORMATION or ATTORNEYS'
28 EYES ONLY MATERIAL, they shall follow the procedure set forth in Federal Rule of Civil

Procedure 5.2. Specifically, subject to public policy, and further court order, nothing shall be filed under seal and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notices to opposing counsel. Accordingly, any party who is seeking to file a document under seal must file a motion, with notice to opposing counsel, in order to obtain the Court's order in that regards. If the Court grants a Party permission to file an item under seal, a duplicate disclosing all non-CONFIDENTIAL INFORMATION or non-ATTORNEYS' EYES ONLY MATERIAL, if any, shall be filed and made part of the public record. The item may be redacted to eliminate CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL from the document. The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration Of John Smith In Support Of Motion For Summary Judgment." The sealed and redacted documents shall be filed simultaneously.

13.   If, through inadvertence, any Party produces or offers as testimony any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL without labeling it or otherwise designating it as such, the producing Party may, at any time, give written notice designating such information as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL.

14.   The terms of the Order shall survive the final termination of this action and shall be binding on all of the Parties thereafter.

15.   Within thirty (30) business days of the final termination or settlement of this action, each party must either destroy or make available for pick-up CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL received during this litigation from the other Party and copies of any deposition transcripts designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL. The Party that provided the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL during this litigation shall notify the Party in possession of the CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY MATERIAL whether those materials should be destroyed or made available for pick-up. Upon surrendering to the other side all CONFIDENTIAL INFORMATION,

ATTORNEYS' EYES ONLY MATERIAL and/or deposition testimony, the surrendering Party must also execute and furnish the Surrender of Confidential Information and Attorneys' Eyes Only Material Agreement in the form set forth in Attachment C.  Upon destruction of the CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY MATERIAL and/or deposition testimony, the destroying Party must execute and furnish a Certificate of Destruction in the form set forth in Attachment D.  The Party who originally produced the CONFIDENTIAL INFORMATION and/or ATTORNEYS' EYES ONLY MATERIAL in discovery and who receives return of material pursuant to this paragraph shall keep and maintain said materials for no less than four (4) years from the date this case is finally resolved and closed with the Court.

16. The Parties expressly agree that, by entering into the Order, they do not waive any objections to any discovery requests and, further, that they do not agree to the production of any information or documents, or type or category of information or documents.

17. The Order is subject to modification by joint motion of the Parties or by further order of the Court.

DATED: May 8, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

font1996.po.jfm

## ATTACHMENT A

## CONFIDENTIAL INFORMATION NON-DISCLOSURE AGREEMENT

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Protective Order ("Order") in this action.

(2) I agree that I am a "QUALIFIED PERSON" as set forth in the Order.

(3) As a QUALIFIED PERSON, I will not disclose any of the CONFIDENTIAL INFORMATION to any third person and further agree that my use of any CONFIDENTIAL INFORMATION shall only be for the prosecution, defenses, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4) As a "QUALIFIED PERSON" I further agree that on the termination or settlement of this action, I will surrender all CONFIDENTIAL INFORMATION which is in my possession, custody, or control in the manner set forth in paragraph 15 of the Order.

(5) By signing this Confidential Information Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____

[Print Name]

[Sign Name]

ATTACHMENT B

**CONFIDENTIAL ATTORNEYS' EYES ONLY MATERIAL
NON-DISCLOSURE AGREEMENT**

The undersigned hereby agrees that:

(1) I have had the opportunity to review the Protective Order in this action.

(2) I agree that I am an "ATTORNEYS' EYES ONLY QUALIFIED PERSON" as set forth in the Order.

(3) As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I will not disclose any of the ATTORNEYS' EYES ONLY MATERIAL to any third person and further agree that my use of any ATTORNEYS' EYES ONLY MATERIAL shall be for the prosecution, defense, discovery, mediation and/or settlement of this action, and not for any other purpose.

(4) As an ATTORNEYS' EYES ONLY QUALIFIED PERSON, I further agree that on the termination or settlement of this action, I will surrender all ATTORNEYS' EYES ONLY MATERIAL which is in my possession, custody, or control in the manner set forth in paragraph 15 of the Order.

(5) By signing this Attorneys' Eyes Only Material Non-Disclosure Agreement, I stipulate to the jurisdiction of this Court to enforce the terms of this Agreement.

Dated: _____

[Print Name]

[Sign Name]

ATTACHMENT C

**SURRENDER OF CONFIDENTIAL INFORMATION OR ATTORNEYS' EYES ONLY MATERIAL**

The undersigned hereby represents that, pursuant to Paragraph 15 of the Protective Order ("Order"), all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL within the possession, custody or control of the undersigned was surrendered to the Party designating such information.

Dated: _____

[Print Name]

[Sign Name]

ATTACHMENT D

**CERTIFICATE OF DESTRUCTION**

The undersigned hereby represents that, pursuant to Paragraph 15 of the Protective Order ("Order"), all CONFIDENTIAL INFORMATION and ATTORNEYS' EYES ONLY MATERIAL within the possession, custody or control of the undersigned was destroyed.

Dated: _____

[Print Name]

[Sign Name]