1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11   RICHARD FONTENBERRY, HUNTER              No.  12-cv-01996 TLN-EFB
     BLAINE, and KEITH WARD, on behalf of
12   themselves and all others similarly situated,

13                       Plaintiff,                  **ORDER**

14        v.

15   MV TRANSPORTATION, INC., and
     DOES 1 through 100, inclusive,
16
                         Defendant.
17

18

19        This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Ninth claim

20   under California's Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 *et seq.*[1]   (Mot. to

21   Dismiss, ECF No. 34.)  Plaintiffs oppose the motion.[2]   (Opp'n to Mot. to Dismiss, ECF No. 42.)

22   _____

     [1]        The operative complaint is Plaintiff's Second Amended Complaint ("SAC").  (ECF 30.)
23   [2]        Plaintiffs and Defendant request that the court take judicial notice of their respective
     copies of a transcript from a hearing on Plaintiffs' motion to amend the First Amended
24   Complaint.  (Pl.'s Req. for Judicial Notice, ECF No. 42-1; Def.'s Req. for Judicial Notice, ECF
     No. 34-3.)  Plaintiffs produced a transcript of the entire hearing and Defendant produced a
25   transcript of a portion of the same hearing.  Courts may take notice of proceedings in other courts
     if they have a direct relation to the matters at issue.  United States ex rel. Robinson Rancheria
26   Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).  Because both parties have
     requested judicial notice of the transcript and because it is a record of a judicial proceeding that
27   directly relates to this proceeding, the court takes judicial notice of ECF Nos. 42-1 and ECF No.
     34-3.
28

                                             1

1    Defendant submitted a reply in response.  (Def.'s Reply in Support of Mot. to Dismiss, ECF No.

2    45.)  For the reasons set forth below, Defendant's Motion is GRANTED.[3]

3                                          **BACKGROUND**

4        **A.    Parties and Relevant Factual Allegations**

5             Plaintiffs Richard Fontenberry, Hunter Blaine, and Keith Ward ("Plaintiffs") are

6    employed by MV Transportation, Inc. as bus and/or train operators, or in equivalent positions

7    operating motorized vehicles.  (SAC, ECF No. 30 ¶¶ 1, 4.)  Defendant MV Transportation, Inc.

8    ("Defendant") is a private operator of public transportation properties throughout the United

9    States.  (ECF No. 30 ¶ 5.)  As of March 6, 2012, Defendant's headquarters and administrative

10   offices were located in Fairfield, California.  (ECF No. 30 ¶ 5.)

11             Relevant for purposes of this motion, Plaintiffs sue on their own behalf of a putative class

12   of similarly situated individuals defined as follows:

13                    All individuals who are currently employed, or formerly have been
                     employed, by Defendant(s) or any of its operating subsidiaries as a
14                   bus and/or train operator or in an equivalent position operating
                     motorized vehicle(s) at any time from July 30, 2008 to the present,
15                   plus periods of equitable tolling.

16   (ECF No. 30 ¶ 44.)  This proposed class is not limited to current or former operators who work or

17   have worked in the State of California.  (ECF No. 30 ¶¶ 44, 97–107.)  Plaintiffs specifically seek

18   to represent the allegedly aggrieved group and any member of the "general public and other

19   persons who have been exposed to Defendant's unlawful or unfair acts and/or practices and are

20   owed wages."  (ECF No. 30 ¶ 99.)

21             Plaintiffs contend that Defendant committed unlawful and/or unfair business acts or

22   practices in violation of California's Unfair Competition Law ("UCL"), California Business and

23   Professions Code section 17200 *et seq.*  Specifically, Plaintiffs allege that Defendant failed to:

24   properly pay for all hours worked, pay overtime, pay all wages when they were due and upon

25   termination, provide accurate and itemized wage statements, and provide meal and rest breaks—

26   all of which Plaintiffs assert constitute unlawful and/or unfair business acts or practices within the

27   _____

28   [3]      Because oral argument will not be of material assistance, the court orders this matter
     submitted on the briefs. E.D. Cal. L.R. 230(g).

                                                  2

1  meaning of the UCL.  (ECF No. 30 ¶ 100.)  Plaintiffs allege that these practices and acts occurred

2  in connection with Defendant's trade and commerce in California.  (ECF No. 30 ¶¶ 102–106.)

3  **B.  Procedural History**

4  Plaintiffs filed a collective class action complaint in the United States District Court for

5  the Eastern District of California.  (Compl., ECF No. 1.)  Plaintiffs asserted claims as follows: (1)

6  violations of the Fair Labor Standards Act ("FLSA"); (2) failure to pay all straight time and

7  overtime earned for hours worked in violation of California Labor Code §§ 510, 1194, and 1198,

8  as well as IWC Wage Order 9-2001; (3) failure to provide itemized wage statements in violation

9  of California Labor Code § 226 and IWC Wage Order 9-2001; and (4) waiting time penalties

10  under California Labor Code §§ 201, 202, and 203.  (ECF No. 1 at 9–13.)

11  Plaintiffs withdrew their complaint and filed their First Amended Complaint ("FAC"),

12  asserting a fifth claim: failure to pay all wages owed every pay period under California Labor

13  Code § 204.  (FAC, ECF No. 6 ¶¶ 58–63.)  Plaintiffs also amended their second claim to remove

14  section 510 as one of the California Labor Code violations.  (*See* ECF No. 6 ¶¶ 48–50.)

15  Defendant submitted an answer to Plaintiff's FAC.  (Def.'s Answer to FAC, ECF No. 8.)

16  Plaintiffs moved to amend the FAC and filed a proposed SAC in order to "assert claims

17  under two more statutes (specifically, Cal. Bus. & Prof. Code § 17200 and the Private Attorney

18  General Act of 2004, codified at Cal. Labor Code § 2698 et seq. ("PAGA")), and also to add two

19  more categories of compensable time for which Defendant fails to pay its operators . . . "  (Pl.'s

20  Mot. to Am. FAC, ECF No. 20 at 2:16–20.)  Defendant opposed Plaintiffs' motion for leave to

21  amend "on the grounds that the California Business & Professions Code [claim] and class is

22  invalid under California law" and because "Plaintiffs cannot bring a nationwide unfair

23  competition claim based on alleged violations of the California Labor Code."  (Def.'s Opp'n. to

24  Pl.'s Mot. to Am., ECF No. 23 at 2:1–3, 5:2–3.)  The court heard oral argument on the matter and,

25  citing the liberal standard for amendment as set forth in Federal Rule of Civil Procedure 15,

26  granted Plaintiffs' motion.  (*See* ECF Nos. 29, 42-1 & 34-3.)

27  ///

28  ///

1

## STANDARD

2        Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain

3 statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556

4 U.S. 662, 678–79 (2009).  Under notice pleading in federal court, the complaint must "give the

5 defendant fair notice of what the claim . . .  is and the grounds upon which it rests." *Bell Atlantic*

6 *v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  "This simplified notice

7 pleading standard relies on liberal discovery rules and summary judgment motions to define

8 disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*,

9 534 U.S. 506, 512 (2002).

10        On a motion to dismiss, the factual allegations of the complaint must be accepted as true.

11 *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  A court is bound to give plaintiff the benefit of every

12 reasonable inference to be drawn from the "well-pleaded" allegations of the complaint.  *Retail*

13 *Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963).  A plaintiff need not allege

14 "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to

15 relief." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads

16 factual content that allows the court to draw the reasonable inference that the defendant is liable

17 for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

18        Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of

19 factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.

20 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an

21 unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A

22 pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

23 elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678

24 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

25 statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

26 facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not

27 been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,

28 459 U.S. 519, 526 (1983).

**ANALYSIS**

Defendant moves to dismiss Plaintiffs' ninth claim as it applies to operators working outside the State of California. (ECF No. 34.)  Defendant argues that Plaintiffs have failed to plead sufficient facts showing unlawful conduct occurring in California with respect to the out-of-state operators. (ECF No. 34-2 at 6–8.)  Plaintiffs oppose the motion, arguing that they plead sufficient facts to show that Defendant's unlawful business practices occurred in California. (ECF No. 42 at 8–9.)

California's UCL provides in pertinent part, "[a]s used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice … and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code." Cal. Bus. & Prof. Code § 17200.  A claim under California's UCL must be based on some predicate act involving a violation of some other statute. *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999).  California's "UCL borrows violations from other laws, making them independently actionable as unfair practices." *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003)).

Because violation of California's UCL is a state law claim, "the UCL reaches any unlawful business act or practice committed *in California*." *Sullivan*, 51 Cal. 4th at 1207 (citing Cal. Bus. & Prof. Code § 17200) (emphasis added).  There is a presumption against extraterritorial application. *Id.* (citing *Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal. 4th 1036, 1059 (1999)).  "[T]he presumption against extraterritoriality applies to the UCL in full force." *Id.* (citing *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 222–225 (1999)).  California's UCL may only be applied extraterritorially where the unlawful conduct that forms the basis of the out-of-state plaintiff's claim occurs in California. *Id.* at 1207–09.

**A.      Disseminating Employment Policies from California**

Defendant argues that the mere fact that its employment policies allegedly emanated from California is not sufficient to constitute unlawful conduct for the purposes of the UCL. (ECF No. 34-2 at 6.)  Plaintiffs maintain that Defendant's allegedly unlawful policies that form the basis of

5

1    Plaintiff's UCL claim were implemented and derived from California in violation of California's

2    UCL.  (ECF No. 1 ¶¶ 37, 39, 46; ECF No. 42 at 3, 4–7.)

3          The California Supreme Court case *Sullivan v. Oracle Corporation* specifically addressed

4    the extraterritorial extension of a California unfair competition claim based on violations of the

5    FLSA for overtime worked in other states.  51 Cal. 4th 1191.  In *Sullivan*, the plaintiffs alleged

6    that their employer, Oracle Corporation, a California software company, violated the FLSA and

7    California law by misclassifying out-of-state employees as exempt and failing to pay overtime.

8    *Id.* at 1195–96.  Plaintiffs argued that this policy was an unlawful act under California's UCL

9    because the "decision-making process to classify [non-California plaintiffs] as exempt from the

10   requirement to be paid overtime wages under the FLSA occurred primarily from within the

11   headquarters offices of Oracle Corporation located in Redwood Shores, California."  *Id.* at 1208.

12         The California Supreme Court rejected plaintiffs' argument.  "[F]or an employer to adopt

13   an erroneous classification policy is not unlawful in the abstract."  *Sullivan*, 51 Cal. 4th at 1208

14   (quoting *Walsh v. IKON Office Solutions, Inc.*, 148 Cal. App. 4th 1440, 1462 (2007).  Instead, the

15   court said, "[w]hat is unlawful, and what creates liability under the FLSA, is the failure to pay

16   overtime when due. *Id.* (citing 29 U.S.C. § 207(a)(1) ["no employer shall employ any of his

17   employees . . . for a workweek longer than forty hours unless such employee receives [overtime]

18   compensation"]).  Accordingly, the *Sullivan* court held that the mere fact that "Oracle's decision

19   to classify its [employees] as exempt was made in California does not, standing alone, justify

20   applying the UCL to the nonresident plaintiffs' FLSA claims for overtime worked in other

21   states."[4]  *Id.*

22   _____

23   [4]       The plaintiffs in *Sullivan* relied on *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224
     (2001) and *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605 (1987) to support their

24   argument.  The *Sullivan* court rejected their argument noting that *Wershba* and *Clothesrigger*
     were inapposite because they dealt with California Business & Professions Code section 17500,

25   not section 17200, which specifically makes the dissemination of fraudulent or misleading
     advertising an unlawful act under the UCL.  *See Sullivan*, 51 Cal. 4th at n. 10; Cal. Bus. & Prof.

26   Code § 17500.  Thus, with respect to fraudulent advertising, the statute itself makes dissemination
     from California unlawful—but the *Sullivan* court confirmed that such an analysis has no bearing

27   where section 17500 is not at issue.  The Plaintiffs in present case have also relied on *Wershba*
     and *Clothesrigger* and their argument is rejected for the same reasons articulated in *Sullivan*.

28

1    The instant case is analogous to *Sullivan*.  Specifically, Plaintiffs have brought a UCL

2    claim premised on FLSA violations for failure to pay overtime to out-of-state operators.

3    Accepting Plaintiffs allegations as true, Defendant maintained headquarters in California and its

4    policy not to pay out-of-state employees overtime emanated from California.  However, as

5    *Sullivan* explained, this policy decision, even if erroneous, is not unlawful in the abstract.  *See* 51

6    Cal. 4th at 1208.  Standing alone, the policy decision is not an unlawful act under California's

7    UCL.  "What is unlawful . . . is the failure to pay overtime when due."  *Id.*  Accepting Plaintiffs

8    allegations as true, the unlawful or unfair business acts within the meaning of the UCL in this

9    case is "that Defendant failed to properly pay for all hours worked, pay overtime, pay all wages

10   when they were due and upon termination . . . "  (ECF No. 30 at ¶ 100) and not the alleged

11   dissemination of Defendant's employment policies.  *See Sullivan*, 51 Cal. 4th at 1208.

12       **B.       Location of UCL Violations**

13       Plaintiffs argue that Defendant's failure to pay overtime wages to out-of-state operators

14   occurred in California.  (ECF No. 30 at ¶¶ 37, 100–105.)  Defendant maintains that Plaintiffs have

15   failed to plead sufficient facts showing unlawful conduct occurring in California with respect to

16   the out-of-state operators.  (ECF No. 34-2 at 6–8.)

17       As mentioned *supra*, the *Sullivan* court concluded that the allegedly unlawful act under

18   the UCL was non-payment of overtime.  *Sullivan*, 51 Cal. 4th at 1208.  The court stated that, "the

19   UCL might conceivably apply to plaintiffs' claims if their wages were paid (or underpaid) in

20   California."  *Id.*  However, the stipulated facts of that case did not speak to the location of

21   payment.  Therefore, the court noted, "[t]he parties invite us to speculate about the place of

22   payment as a basis for holding the UCL does, or does not, apply.  We decline to do so."  *Id.*  In

23   the absence of any facts concerning where the unlawful act occurred (the non-payment of

24   overtime) the court held that, "Business and Professions Code section 17200 does not apply to

25   overtime work performed outside California for a California-based employer by out-of-state

26   plaintiffs in the circumstances of this case based solely on the employer's failure to comply with

27

28

7

1   the overtime provisions of the FLSA."[5]  *Id.* at 1209.

2          Similarly here, Plaintiffs have not alleged that payment or non-payment of out-of-state

3   operators occurred in California.  Plaintiffs' complaint is silent as to to how Defendant pays its

4   employees, when Defendant pays them, and where that payment takes place.  Plaintiffs have only

5   alleged that Defendant maintained headquarters and administrative offices in California during

6   the relevant time period.  (ECF No. 1 ¶ 5.)  As stated in *Sullivan*, maintaining headquarters in

7   California and failing to comply with the overtime provisions of the FLSA is insufficient to state

8   a UCL claim for unpaid overtime work performed outside California by out-of-state plaintiffs.

9   *Sullivan*, 51 Cal. 4th at 1208.  Therefore, the Court finds that Plaintiffs have failed to plead facts

10  demonstrating that an unlawful act under the UCL has occurred in California.

11         In the absence of any other allegations, it cannot be said that Plaintiffs' operative

12  complaint gives Defendant fair notice of what the claim . . . is and the grounds upon which it

13  rests." *Bell Atlantic*, 550 U.S. at 555 (2007) (internal quotations omitted).  More is required than

14  the "sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.  Even

15  though this Court is bound to give Plaintiffs the benefit of every reasonable inference to be drawn

16  from the "well-pleaded" allegations of the complaint, the allegations must be "well-pleaded."

17  *Retail Clerks Int'l Ass'n*, 373 U.S. at 753 n.6.  The Court cannot assume that Plaintiffs "can prove

18  facts that [they have] not alleged or that the defendant has violated the . . . laws in ways that have

19  not been alleged[.]"  *Associated Gen. Contractors of Cal., Inc.*, 459 U.S. at 526.  Accordingly, the

20  Court finds that Plaintiffs have failed to state a claim for relief that is plausible on its face.  *Iqbal*,

21  556 U.S. at 697.

22         **C.     Leave to Amend**

23         At oral argument on Plaintiffs' motion for leave to amend the SAC, Defendant argued for

24  denial of the motion for the same reasons as stated in this motion to dismiss—namely, that there

---

25  [5]     In *Sullivan*, the three named plaintiffs lived out-of-state but had actually performed some
26  work in California with 110 days being the largest number of days any plaintiff worked in
    California over a three-year period.  *Sullivan*, 51 Cal. 4th at 1194–95.  Yet the court found against
27  plaintiffs because they had not alleged any facts concerning the location of payment.  As
    discussed *infra*, Plaintiffs in the instant case have neither alleged payment in California for out-
28  of-state operators nor that any ever worked in California.

was no allegation in the proposed SAC that any of the unlawful acts towards out-of-state

plaintiffs (the non-payment of compensable time) occurred in California.  (ECF No. 42-1 at 16:9–

25.)  Plaintiffs argued that payments to the out-of-state plaintiffs may have originated from

California and that this would allow for the application of the UCL to their claims.  (ECF No. 42-

1 at 13:16–22, 14:1–4.)  However, when asked specifically to identify any such allegations in the

proposed SAC, Plaintiffs were unable to do so.  (ECF No. 42-1 at 9–11.)  The court noted,

"[t]here's no allegation [in the proposed SAC] that says an out-of-state worker was deprived of

pay . . . within California."  (ECF No. 42-1 at 9:21–24.)

Notwithstanding this fact, pursuant to the liberal standard for amendment set forth in

Federal Rule of Civil Procedure 15, the court granted Plaintiffs' motion for leave to file the SAC,

not because it disagreed with Defendant's arguments, but rather because Defendant's arguments

were "premature" at that juncture since Plaintiff had not yet pled the claim.  (ECF No. 42-1 at

8:9–25, 17:4–9.)  The court noted that Defendant's argument "is fairly persuasive" and "down the

road . . . could be one-hundred percent correct."  Accordingly, the Court gave Plaintiffs the

following admonition:

> You know [Defendant] is going to look at [the SAC] with a fine
> tooth comb and we may be back here with a motion to dismiss.
> That is something you've got to figure out . . . And perhaps,
> [Plaintiffs], you may rethink this and not include the [new] cause of
> action in the complaint you're going to file.  I don't know exactly
> what you are going to do, but I'm going to grant the motion for
> leave to file.

(ECF No. 42-1 at 18:17–23, 19:2–6.)  The fact that this court expressly pointed out to Plaintiffs

the very same deficiencies in their pleadings that are the subject of this motion to dismiss, and

because the court warned Plaintiffs to correct the deficiencies or drop the claim altogether, the

court will not grant leave to amend.

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (ECF No. 34) is GRANTED and

Plaintiffs' ninth claim for UCL violations as it relates to out-of-state employees is DISMISSED

without leave to amend.  Defendant is hereby directed to submit a timely answer to Plaintiffs'

other claims.

9

DATED: November 22, 2013

Troy L. Nunley
United States District Judge