IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD FONTENBERRY, HUNTER BLAINE, and KEITH WARD, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MV TRANSPORTATION, INC.; and DOES 1-20,<br><br>Defendants. | Civil Case Number:  2:12-cv-01996-TLN-JFM<br><br>**ORDER GRANTING JOINT MOTION FOR SETTLEMENT APPROVAL** |

This matter is before the court on the parties' joint motion for settlement approval. In support of the joint motion, the parties have submitted the declaration of Steven G. Tidrick, attorney of record for Plaintiffs in the above-captioned action. The parties also submitted under seal the memorandum of understanding and confidential settlement agreements for each Plaintiff.

///

///

///

///

Because FLSA rights generally cannot be waived, settlement of actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by a court. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982); see also Lee v. The Timberland Co., 2008 WL 2492295 at *2 (N.D. Cal. June 19, 2008). The decision of whether to approve or reject a settlement proposal is committed to the sound discretion of the district court. Officers for Justice v. Civil Service Comm'n of City and Cnty. of S.F., 688 F.2d 615, 626 (9th Cir. 1982). "The proper procedure for obtaining court approval of the settlement of an FLSA claim is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." Yue Zhou v. Wang's Restaurant, 2007 WL 172308 at *1 (N.D.Cal. Jan. 17, 2007). In order to approve a settlement proposed by an employer and employees, "a court must determine that the settlement is a fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. Lynn's Food Stores, 679 F.2d at 1335; Campanelli v. Hershey Co., 2011 WL 3583597, at *1 (N.D. Cal. May 4, 2011) (approving individual settlements in FLSA collective action, where "payments are the result of arms-length negotiations between Hershey and the 120 plaintiffs who are represented by counsel, and who have all expressly consented to the settlement")

Having considered the memoranda and declarations, the Memorandum of Understanding, the individual settlement agreements, the arguments of counsel, and the relevant statutory and case law, the Court GRANTS the Parties' joint motion and finds and orders as follows:

1. The Parties' Memorandum of Understanding and the corresponding individual settlement agreements are approved of as fair and reasonable;

2. All of the named and opt-in consent plaintiffs' (collectively, the "Plaintiffs," whose names are identified on Exhibit A to the Declaration of Steven G. Tidrick (ECF 701-1).) claims in this action are dismissed in their entirety, with prejudice;

3. The claims of Hessman Tall and Ricardo Casino are dismissed without

2

Firmwide:125654149.2 072247.1003

prejudice;

4.     Defendant will deliver the settlement proceeds to Plaintiffs' counsel for distribution within 20 calendar days after entry of this order.

5.     Neither this Order nor any other documents or information relating to the individual settlements in this action shall constitute, be construed to be, or be admissible in any proceeding as evidence: (1) that any group of similarly-situated or other employees may maintain a collective action under the Fair Labor Standards Act or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state law or rules, including but not limited to California Code of Civil Procedure section 382; (2) of any adjudication of the merits of this case or that any party has prevailed in this case; or (3) that Defendant or others engaged in any wrongdoing.

It is so ORDERED.

Dated: May 14, 2014

The Honorable Troy L. Nunley
United States District Court

3